# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                    CRIM. NO. 13-20468

    v.                             HON. TERRENCE G. BERG

LARRY MITCHELL,

    Defendant.
_____/

## OPINION AND ORDER DENYING
## <u>MOTION TO VACATE SENTENCE (DKT. 44)</u>

Defendant, a federal prisoner, has filed a motion to vacate his sentence under 28 U.S.C. § 2255 (Dkt. 44).[1] Defendant asserts that he was improperly sentenced as a career offender under the United States Sentencing Guidelines. As support for his claim, he argues that the Supreme Court's decision in *Johnson v. United States*, —— U.S. ——, 135 S. Ct. 2551 (2015), which held that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA")

---

[1] Defendant's motion is actually captioned as a "motion for default judgment." Defendant had filed a prior § 2255 motion, and the Court had ordered the Government to respond to it; because the Government never responded, Defendant moved for a default judgment. However, after the Court ordered the Government to respond, the Court stayed this case (Dkt. 43), pending the Supreme Court's decision in *Beckles*. Because this matter was stayed, the Government is not in default.

was unconstitutionally vague, should apply to the similar, if not identical, language of § 4B1.2(a)(2) of the Sentencing Guidelines, pursuant to which Defendant was sentenced. Defendant contends that § 4B1.2(a)(2) should also be held unconstitutionally vague, and that he should be resentenced without regard to those portions of the Guidelines.

On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause, and that the residual clause in § 4B1.2(a)(2) therefore is not void for vagueness. *See Beckles v. United States*, 580 U.S. ——, 2017 WL 855781 at *9 (March 6, 2017). The Supreme Court reasoned that "[u]nlike the ACCA… the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause" *Id.* at *6.

Based on the Supreme Court's *Beckles* decision, in considering Defendant's motion based on a vagueness challenge to the Sentencing

Guidelines, it appears to the Court that "the moving party is not entitled to relief." See Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Under these circumstances, Rule 4(b) states that "the judge must dismiss the motion . . ." Consequently, the motion to vacate (Dkt. 44) is **DISMISSED**.

Defendant's § 2255 motion (Dkt. 44) is accordingly **DENIED** and **DISMISSED WITH PREJUDICE**. The Court certifies that any appeal from this action could not be taken in good faith and would be frivolous. Therefore, this Court also **DENIES** Defendant leave to proceed in forma pauperis on appeal. See Rule 24 of the Federal Rules of Appellate Procedure. Since Defendant has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. See 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

                                            s/Terrence G. Berg
                                            TERRENCE G. BERG
                                            UNITED STATES DISTRICT JUDGE
Dated: October 27, 2017

## Certificate of Service

    I hereby certify that this Order was electronically submitted on October 27, 2017, using the CM/ECF system, which will send notification to each party.

                                          s/A. Chubb
                                          Case Manager