# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **LARRY MITCHELL**, <br><br> Defendant. | 4:13-cr-20468 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER GRANTING MOTION TO AMEND HABEAS PETITION** |

Petitioner filed his first 28 U.S.C. § 2255 motion in 2014. Each year thereafter, Mitchell has sought to amend that motion, adding new grounds for sentencing relief. In 2017, the Court denied Petitioner's claim for relief asserted under *Johnson v. United* States, 135 S. Ct. 2551 (2015), which struck down the residual clause in the Armed Career Criminal Act, U.S.C. § 924(e)(2)(b)(ii). But in that order the Court never ruled on certain other grounds for sentencing relief set forth in earlier iterations of Petitioner's § 2255 motion. Consequently, when Petitioner appealed, the Sixth Circuit remanded his case, so this Court could address the claims that have not yet been ruled on.

Petitioner has recently sought leave again to amend his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. As explained by the Sixth Circuit, because a motion to amend is not

considered a second or successive § 2255 motion if filed before the initial § 2255 motion is adjudicated on the merits, Petitioner's recently filed § 2255 motion should be construed as a motion to amend his initial motion, rather than a second or successive motion for habeas corpus relief. Petitioner's motion to amend will therefore be granted, and the Court will adjudicate all of his existing claims for relief under § 2255.

## BACKGROUND

Petitioner pled guilty in 2013 to possession with intent to distribute more than 28 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). ECF No. 23 PageID.50. Petitioner was sentenced to 108 months in prison; he did not appeal. ECF No. 25 PageID.68. On November 20, 2014, Petitioner filed his initial § 2255 motion asking the Court to vacate, set aside, or correct his sentence. ECF No. 26. The bases for relief alleged in that initial motion included ineffective assistance of counsel for failure to challenge an allegedly unlawful search and seizure and to object to sentencing enhancements, as well as the Court's purported lack of subject matter jurisdiction.[1] ECF No. 26 PageID.72. Petitioner later submitted an addendum to his initial § 2255 motion on July 14, 2015 that included additional information and an affidavit. ECF No. 33. Then, on March 7, 2016, Petitioner filed a motion to amend his

---

[1] Petitioner also filed another motion on February 23, 2015 averring that his sentence should be reduced based on revisions to the United States Sentencing Guidelines that were implemented after the date of his sentencing but later withdrew that motion. ECF No. 31 PageID.148; ECF No. 38 PageID.189.

2

§ 2255 motion in accordance with Rule 15(c) of the Federal Rules of Civil Procedure. ECF No. 39.

Through that motion, he sought to strike his previously asserted claim for ineffective assistance of counsel based on trial counsel's failure to challenge the district court's lack of subject matter jurisdiction. ECF No. 39 PageID.191. He also sought to add a basis for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), arguing that his 2002 conviction for fleeing and eluding police did not qualify as a predicate offense warranting sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924, because that crime had only been considered a violent felony under the now-stricken residual clause. ECF No. 39 PageID.192–93. *See* ECF No. 40 (additional brief fleshing out Petitioner's *Johnson* claim). This Court ordered the government to respond to Petitioner's motion by August 12, 2016. *See* ECF No. 42.

On July 29, 2016, the Court approved a stipulation by the parties staying this case pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 145 (2017) because that decision would determine, among other questions, whether *Johnson's* invalidation of ACCA's residual clause necessitated striking down a similar clause in United States Sentencing Guidelines provision § 4B1.2(a)(2). ECF No. 43 PageID.228. The Supreme Court ultimately decided that, unlike ACCA, "the advisory Guidelines do not fix the permissible range of sentences" but rather "merely guide the exercise of a court's discretion in choosing

3

an appropriate sentence within the statutory range." *Beckles*, 137 S. Ct. at 892. The Guidelines were therefore not subject to a vagueness challenge under the Due Process Clause and the residual clause in § 4B1.2(a)(2) was accordingly not void for vagueness. *Id.*

When the government did not file a response to Petitioner's § 2255 motion outlining his *Johnson* claim by the August 12, 2016 deadline set by the Court, Petitioner moved for default judgment against the government.[2] This Court then construed that motion for default judgment as a § 2255 motion and, under the Supreme Court's recent decision in *Beckles*, denied the motion for sentencing relief. *See* ECF No. 45 PageID.256 n.1. But in doing so, the Court did not address or resolve Plaintiff's previously filed § 2255 motions: (1) ECF No. 26 (filed Nov. 20, 2014); (2) ECF No. 33 (filed Jul. 14, 2015); and (3) ECF No. 40 (filed April 15, 2016). The first of these pending motions contained Petitioner's ineffective assistance of counsel claims. The second, captioned as an addendum to the first § 2255 motion, argued that (1) Petitioner was convicted in part because of an illegal warrantless search; and (2) counsel was also ineffective for failing to challenge use of evidence obtained in the search and for failing to advocate against application of a firearm enhancement. The third petition alleged *Johnson* claims duplicative of

---

[2] This Court previously ruled that because this case was stayed at the time the government's court-ordered response to the *Johnson* § 2255 was due, the government was not in default. ECF No. 45 PageID.256 n.1.

4

those set forth in the motion for default judgment this Court previously construed as a § 2255 motion.

Next, on December 4, 2017, Petitioner filed another motion seeking to amend his original § 2255 motion. ECF No. 46. Specifically, Petitioner raised new arguments under *Mathis v. United States*, 136 S. Ct. 2243 (2016), which held that a prior conviction does not qualify as predicate violent offense under ACCA if an element of the crime of conviction is broader than the element of the generic offense. According to Petitioner, his 2002 conviction for fleeing and eluding police cannot be considered a violent offense for ACCA purposes after *Mathis*.

A few months later, on March 26, 2018, Petitioner filed an additional § 2255 motion asserting new claims that the government improperly withheld evidence at trial in violation of *Brady v. Maryland*, 373 U.S. 873 (1963), that his guilty plea was not voluntarily entered, and that trial counsel was ineffective in: failing to inform Petitioner of the true nature of the charges against him; erroneously urging Petitioner to plead guilty; failing to argue that the prosecutor improperly influenced a grand jury to indict Petitioner; and choosing not to file motions to dismiss the indictment, to suppress incriminating evidence, or to pursue a direct appeal. ECF No. 47.

Because Petitioner had previously filed § 2255 motions, and the Court had adjudicated his motion for default judgment as a § 2255 motion, this Court considered these two additional § 2255 motions

"second or successive motions" under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which require permission from the Sixth Circuit to file. Consistent with that reasoning, this Court transferred Petitioner's 2017 and 2018 § 2255 motions to the Sixth Circuit. ECF No. 54 (transferring ECF Nos. 46, 47 to Sixth Circuit). But the Sixth Circuit, observing that Petitioner's other § 2255 claims (excepting his *Johnson* claim) had not yet been ruled on by this Court, remanded the case so that Petitioner's other preexisting § 2255 claims could be adjudicated. ECF No. 55.

Most recently, on June 3, 2019, Petitioner filed another motion to amend his § 2255 motion. ECF No. 56. That motion is substantially similar to the § 2255 motion he filed on March 26, 2018. *Compare* ECF No. 56 *with* ECF No. 47.

## DISCUSSION

A motion to amend is not considered a second or successive § 2255 motion if it is filed before the initial § 2255 motion is adjudicated on the merits. *Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) (citing *Ching v. United States*, 298 F.3d 174, 177–78 (6th Cir. 2002); *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). A petitioner therefore does not need appellate approval under 28 U.S.C. § 2244(B) and 28 U.S.C. § 2255(h) to amend his § 2255 motion if a final decision has not yet been rendered on the original petition. *Clark*, 764 F.3d at 659; *Johnson,* 196 F.3d at 805–06. Accordingly, "a habeas petition submitted during the

pendency of an initial § 2255 motion should be construed as a motion to amend the initial motion." *Clark*, 764 F.3d at 659 (quoting *Ching*, 298 F.3d at 175). As determined by the Sixth Circuit, because the Petitioner's original § 2255 motions remained pending before this Court when he filed an additional § 2255 motion, that second motion will be construed as a motion to amend the first-filed petition.

Motions to amend a § 2255 motion are governed by the Federal Rules of Civil Procedure. *Oleson v. United States*, 27 F. App'x 566, 568 (6th Cir. 2001). *See* 18 U.S.C. § 2242 (providing that habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."). The relevant provision is Rule 15, which provides that a party may amend its pleading once "as a matter of course" within 21 after serving it or 21 days after service of a responsive pleading or Rule 12 motion. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In evaluating the interests of justice, courts consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). The Sixth Circuit has interpreted Rule 15(a)'s language as

7

establishing a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

Consistent with this liberal policy of permitting amended pleadings, the Court will grant Petitioner's motion to once again amend his § 2255 motion. Though it appears Petitioner's newly asserted claims could have been asserted earlier, delay is not by itself considered a basis to deny a motion to amend. *Oleson*, 27 F. App'x at 569; *Coe*, 161 F.3d at 342. The Court finds no bad faith on the part of Petitioner, nor repeated failure to cure previous deficiencies or undue prejudice to the government. Moreover, the amendment is not plainly futile. The Court will therefore permit Petitioner to file his amended § 2255 motion (ECF No. 56).

## CONCLUSION

For these reasons, Petitioner Larry Mitchell's motion to amend his § 2255 motion (ECF No. 56) is **GRANTED**. As instructed by the Sixth Circuit, the Court will also construe ECF Nos. 46 and 47 as previous motions to amend his motion for sentencing relief and will likewise **GRANT** those motions for leave to amend. The government is hereby

8

**ORDERED**, within 30 days of the date of this Order, to respond to all remaining § 2255 claims asserted by Petitioner.

**SO ORDERED.**

Dated: July 24, 2019        s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE