For The Eastern District of Michigan
Southern Division

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

United States of America                    Criminal No: 4:13-CR-20468-TGB

v.

Larry Mitchell                    Honorable: Terrence G. Berg

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**EMERGENCY Motion To Reduce sentence Pursuant to 18 u.s.c. 3582(c)(1)(A)(i) Compassionate Release; First step Act and Cares Act; Also Appointment of counsel under CJA, Title 18, u.s.c. §3006A (a)(1) and (c)**

Now comes The Petitioner, Larry Mitchell, Through paralegal assistance, in The above styled cause respectfully submit This Emergency Motion To Reduce his sentence Pursuant to 18 u.s.c.§ 3582(c)(1)(A)(i) Compassionate Release; First step Act and Cares Act; Thus, request That This Honorable court issue an order granting appointment of counsel pursuant to CJA, Title 18, u.s.c. 3006A (a)(1) and (c). In support There of states: the Warden of FCI Terre Haute denied Petitioner's Request for Compassionate Release and Home confinement In light of The Covid-19 pandemic; extraordinary and compelling reasons warrant such a Reduction. According to The CDC All persons might be vulnerable to The coronavirus ("covid-19"). The covid-19 pandemic is a national emergency. see Andrew Taylor, Zeke Miller, Jill colvin and Lisa mascaro, Trump Declares a National Emergency Amid National Coronavirus outbreaks, time, March, 13, 2020, https://time.com 5812885/trump-national-emergency-coronavirus/ For The reason set forth petitioner bring This motion

Petitioner's Vulnerability to COVID-19 is an Extraordinary and Compelling Reason For Release to Home Confinement.

A. The compassion Release statute does not expressly define or limit what constitutes an "extraordinary and compelling" Reason For a sentence Reduction. By any measure, The present global pandemic, which has spread Through Bop Facilities endangering prisoners and staff alike, is an extraordinary Circumstance beyond what most Americans have experienced. the most Recently available data Reflect That as of May 5, 2020; "2066 Federal inmates (out of a total population of 141,066 and 359 BOP staff (out of Approximately 36,000 staff members) have confirmed positive test Results For covid-19, with 41 inmate deaths and 0 staff member deaths, see; https://www.bop.gov/coronavirus/, the BOP website does not list the number of case at where Petitioner is housed (presumably There are no such case yet) but does indicate That all visitation at The Facility has been suspended.

B. The Risk to Petitioner posed by The coronavirus provides a compelling Reason for his Release to home confinement "Covid-19 is a serious disease" that is highly contagious and extraordinarily deadly. Declaration of Dr. Chris Beyrer, MD. MPH, Professor of Epidemiology, Johns Hopkins Hopkins Bloomberg school of Public Health, para 5 (March 16, 2020)

2

The current best estimate is that the fatality rate is 5 to 35 times the fatality [rate] associated with influenza infection (id) and asymptomatic persons can spread the disease.

C. COVID-19 poses a high risk to prisoners in general and, given Petitioner's health problems: such as Type 2 Diabetes, High blood pressure, high cholesterol, an especially high risk to covid-19. Incarcerated/detained persons live, work, study and recreate within congregate environments, heightening the potential for covid-19 to spread once introduced," Center for Disease Control and prevention (CDC), Interim Guidance on Management of coronavirus disease 2019 (covid-19) in correct -ional and Detention Facilities (March, 23, 2020)² Found at:https: //www.CDC.gov/coronavirus/2019-n cov/community/ Correction-detention/guidance-correctional-detention. html. Prisoners simply cannot practice the most effective and Recommended/Required measure to avoid exposure to the virus— social distancing. Thus, Petitioner is in that Vulnerable position.

D. Moreover, Petitioner is at particular risk given his health problems. As he notes, and his health records Marked as Exhibit A. substantiate, Petitioner suffers from Type 2 diabetes, high blood pressure, high cholesterol These

conditions places him at high Risk for complications due to COVID-19 as the "most common comonbiditres in one report" were hypertension (30%) diabetes (19%) and coronary heart disease (8%)3. https:// academic. Oup. com /ajh/ antide/ doJ/10.10.1093/ ajh/ hpaa057/5816609

The Bureau of Prison's are to protect inmates, but nevertheless found the Risk of outbreak to warrant release; Because Defendant is at high-RISK For severe illness from COVID-19 and because inmates in detention facilities are particularly vulnerable to infection, The Court finds the Defendant has demonstrated an extraordinary an Compelling Reason for Comparssronate Release." Id IN United States v. Rodriguez, The court granted comporsronate Release to a defendant with "diabetes, high blood pressure, and liver abnormalities." No. 2:03CR-002 79, 2020 WL 1627331, at 1* (E.D. PA, April 1, 2020). the ca-rt noted research showing that "diabetes patients, li-ie Mr. Rodriguez, have mortality rates that are more than Twice as high as overall mortality rates from Covid-19 infection Id. citing The swift spread of coronaviRuis within Bob-P. institutes, The court found that "prison is a particularly dangerous

place for vulnerable inmates like Mr. Rodriguez, and conclud ed that the BOP's proposed containment measures "have already proven insufficient." Id at 7-9. the court conclud -ed that the totality of circumstances— Mr. Rodriguez's vulnerability to COVID-19, the risk of infection in prison, and the amount of time served along with demonstrated rehabilitation— constituted extraordinary and compelling reasons to reduce his sentence. Id. at 7; see also, Jones v. Wolf, No. 20-cv-361, 2020 WL 1643857 at 8 (W.D.NY, April 2, 2020) (noting that diabetics are at higher risk of serious illness if infected with COVID-19)" These decisions represent only a portion of the compassionate release grants since the covid-19 pandemic. See; also, United States v. Trent, No. 16 CR 178 (N.D. Cal April 9, 2020) (Finding extraordi -nary and compelling reasons to grant reduction due to defendant's serious medical condition in the context of COVID-19 outbreak in prisons); United States v. Lucas, No. 1:15 CR CR 143, 2020 WL 2059735 (WD NY April, 29, 2020) (granting release to diabetic inmate in light of COVID -19 pandemic); United States v. Etzel, No. 6:17 CR1, 2020 WL 2096423 (D. ORe. May 1, 2020)

## Argument

Counts Responding to The COVID-19 Pandemic Have Granted Compassionate Release Based on Defendants' Heightened Vulnerability to COVID-19, Combined with other Individualized Circumstances

Counts assessing compassionate Release motions in light of the coronavirus pandemic have Recognized That heightened Covid-19 Vulnerability, combined with case specific circumstances, can present extraordinary and compelling Reasons to grant sentence Reduction.

- IN United States V. Colvin, for example, The court found that the defendant's diabetes constituted a" serious ... medical condition, which substantially increases her Risk of severe illness if she contracts COVID-19." No. 3:19-CR 179, 2020 WL 1613943, at *4 (D. Conn, April, 2, 2020), The court further concluded that The custodial environment in light of The pandemic because" she is unable to practice effective social distancing and hygiene to minimize her Risk of exposure" Id

IN United States V. Muniz, the court granted compassionate Release to a defendant who had been diagnosed with serious medical conditions That, according to Reports from the center for Disease control, make him particularly vulnerable to severe illness from COVID-19," including end Renal stage

disease, diabetes, and arterial hypertension No. 4:09 CR 199, 2020 WL 1540325 (S.D. Texas, March, 30, 2020). The court took note of the" measures taken by the Federal Bureau of Prisons" to protect inmates but nevertheless found the risk of outbreak to warrant Release; "Because Defendant is at high-risk for severe illness from COVID-19 and beca-use inmates in detention facilities are particularly vulnerable to infection, The court finds the Defendant has demon-strated an extraordinary and compelling reason for compassionate Release".Id

.In United States v. Rodriguez, The court granted compassionate Release to a defendant with "diabetes, high blood pressure, and liver abnormalities. No. 2:03 CR-00271, 2020 WL 1627331, at 1* (E.D. PA. April, 1, 2020). The court noted research showing That" diabetes patients, like Mr. Rodriguez, have mortality rates" from covid-19 infection. Id citing the swift spread of coronavirus within BOP institutions, The court found That" prison is a particularly danger-ous place for" vulnerable inmates like Mr. Rodriguez and concluded That the Bop's proposed containment mea-sures" have already proven in sufficient" Id at 7-9.

The court concluded that the totality of circumstances—
Mr. Rodriguez's vulnerability to COVID-19, the risk of
infection in prison, and the amount of time served along with
demonstrated rehabilitation — constituted extraordinary and
compelling reasons to reduce his sentence. Id. at 7; see
also Jones v. Wolf, No. 20-CV-361, 2020, United States v.
Villanueva, (18 cr. 472-3 (KPF))(S.D. NY. April, 8, 2020); U.S.v
Wincklen, (No.13-318) (W.D. Pa, April, 3, 2020); U.S. v. Lowry,
(No 18-cr-882)(S.D. NY. April,6, 2020); U.S. v. Smith(No.12-cr-
133 (JFK)(S.D NY., April, 13, 2020); U.S. v. Coker (No. 3:14-cr-0:
-5)(E.D. Tenn, April, 15, 2020); U.S.v. Getille (S.D. NY. 2020)
U.S.v. Decaton, (No. CCB-95-0282)(D. Md, April, 9,2020)
U.S.v. Kataev, (16 CR. 763-05 (LGS)(S.D.N.Y. ;April, 14,2020)
U.S.v. Sawicz, (08-cr-287 (ARR))(E.D.NY., April, 10, 2020
U.S.v. McCarthy, (No. 3; 92-cr-0070(JCH)). In addition

Congress recently passed the coronavirus Aid, relief and Econ
-ic Security Act ("cares Act"), the cares Act expands the Bureau
-f prison's ("Bop") authority to utilize home confinement as a"
-ool for combatting the dangers that covid-19 poses to vulnerable
-mates ......" Memorandum of April, 3,2020 from Attorney
General William Barr to Director of Bureau of Prisons; see Bop,
-pdate on covid-19 and Home confinement, see; https://www.bop.gov/
-esources/news/20200405_covid-19_home_confinement.jsp (last visited Apr, 6,20
-.)

Thus, Faculty members of The Johns Hopkins Bloomberg school of Public Health, school of Nursing and school of Medicine to express Their urgent concern about The spread of COVID-19 in prisons, jails, and juvenile detention centers. ON Marce 25, 2020. Faculty member express Their views of COVID-19 Virus; By stating that, covid-19 is highly contagious, difficult to prevent except Through social distancing, and especially dangerous to individuals over age 60 on with a Chronic diseas. Moreover, recent data suggest That The virus can remain on surfaces for up to 72 hours, Thus Rendering social distancing less effective in circumstances where The virus is present.

Jails, prisons, detention facilities and other closed settings have long been Know to be associated with high transmission probabilities for infections diseases, including tuberculosis, multi-drug resistant Tuberculosis, infueza, MRSA (methici -hrcfllin Resistant staph aureus), and viral hepatitis, several deaths were reported in The U.S. in immigration detention Facilities associated with ARDS (acute respiratory distress

syndrome) following influenza A, including a 16 year old immigrant child who died of untreated ARDS in custody in May 2020. ARDS is the life, threatening complication of covid-19 disease and has a 30% mortality given ideal care.

The close quarters of jails and prisons, the inability to employ effective social distancing measures, and the many high-contact surfaces within facilities, make transmission of COVID-19 more likely. Soap and hand sanitizers are not freely available in some facilites. Hand sanitizers like Purell, are banned in many facilities, because they contain alcohol. Further, for incarcerated individuals who are infected or very sick the ability properly to treat them and save their lives is very limited, testing kits are in short supply, and prisons and jails have limited options for proper respiratory isolation.

A number of features of these facilities can heighten risks for exposure, acquisition, transmission, and clinical complication of COVID-19 and other infectious diseases. These include physical mechanical risks such as overcrowding, population density in close confinement, insufficient ventilation, shared toilets, showers, and eating environments and limited such as masks and gloves in some facilities. the high rate of turnover and population mixing of staff and detainees also increases

ikelihoods of exposure. This has led to prison out breaks of covid-19 in multiple detention facilities in China, associated with introduction into facilities by staff.

These populations are also at additional risk, due to high rates of chronic health conditions; substance use; mental health issues; and particularly in prisons, aging and chronically ill populations who may be vulnerable to more severe illnesses after COVID-19 infection, and to death. Given that prisons, jails, and juvenile detention centers incarcerate high numbers of marginalized populations and African Americans will be dispro -portionately affected by these risks.

Prison, jail, and detention center staff may bring the virus into the facility and are also at risk of acquisition from infected incarcerated individuals. once infected staff may also transmit the virus back into the communities and to their families. As jail, prison, and detention center health care care staff themselves get sick with COVID-19, workforce shortages will make it ever more diffi- -cult to adequately address all the health care need in facilities.

<u>Conclusion</u>

For The Foregoing Reasons set forth, Petitioner respectfully request That this Honorable Court issue an order granting appointment of counsel pursuant to the Criminal Justice Act, title 18 U.S.C. §3006 A(a)(i) and (c) so that counsel can marshal The Facts, Introduce evidence of Petitioners medical conditions; extraordinary and compelling Reasons based on the Coronavirus disease (Covid-19). Petitioner prays. that this Honorable court convent the remainder of Petitioner's sentence to home confinement consistent with a Release plan. Because Covid-19 has spread in all parts of The United States, including it's prisons, there is no vaccine or cure For This deadly disease. The CDC Recommends protecting one self from the disease by Remaining at a distance of at least six feet from each other. It is impossible to do That in This facility. Petitioner made the biggest mistake of his life in getting involved in the Charged crime. He has paid a heavy price. That price should not include suffering what could be the devastating impact of getting infected with The coronaverus.

Date: June 15 2020

Respectfully submitting

*Larry Mitchell*

Larry Mitchell
Reg # 48703-039
F.C.I. Terre Haute
Satellite camp
P.O. Box 33
Terre Haute, IN. 47808

*** Prepared by Paralegal***

12

This is to certify that I have, on this day under penalty of perjury (Title 28 U.S.C. § 1746), served a true and correct copy of the foregoing Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (C)(i)(A)(i) Compassionate Release; First Step Act and Cares Act; Also Appointment of Counsel under CJA, Title 18, U.S.C. § 3006 A (a)(i) and (c)

Date: June 15 2020

Respectfully submitting

*Larry Mitchell*

Larry Mitchell
Reg# 48703-039
F.C.I Terre Haute
Satellite Camp
P.O. Box 33
Terre Haute, IN. 47808

*** Prepared by paralegal ***



no Robnoll English

<>48703-039<>
Larry Mitchell
Federal Prison  CAMP
P.O. BOX 33
Terre Haute, IN 47808
United States

<>48703-039<>
Clerk Office
United States District Court
231 W Lafayette 5th Floor
Detroit, MI 48226
United States

U.S. MARSHALS