UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

_____

UNITED STATE OF AMERICA,

        Plaintiff,                    Case No. 13-20468
vs.                                           HON: TERRENCE G. BERG

LARRY MITCHELL,

        Defendant.

_____

## SUPPLEMENTAL MOTION IN SUPPORT
## OF COMPASSIONATE RELEASE

NOW COMES Larry Mitchell by counsel Douglas R. Mullkoff who supplements Defendant's pro se pleading as follows:

**Introduction.**

On November 15, 2013, Defendant pled guilty to possession with intent to distribute cocaine base. On April 16, 2014, he was sentenced to serve 108 months.

Mr. Mitchell suffers from Type 2 Diabetes, high blood Pressure and high cholesterol. At the time of his sentencing, the presentence report (PSR) stated that he was taking medication after being diagnosed with high blood pressure and diabetes. The PSR showed his weight to be 210 pounds. At 5'10", this results in a biomass index score 30.1 placing him in the category of obese.

Diabetes and hypertension are leading co-morbidities for COVID-19. The American Association of Clinical Endocrinologists reports that "[r]ecent

1

studies have shown that of those hospitalized for severe coronavirus disease, 22.2% to 26.9% reported living with diabetes," and "[d]iabetes and high glucose levels are associated with increased complications, respiratory failure and mortality in hospitalized patients with COVID-19."[1] The CDC recently reported that, of those COVID-19 patients hospitalized who had underlying conditions, 50 percent had hypertension.[2] The risk to Mr. Mitchell's life and health are serious.

I. **ARGUMENT**

Individuals suffering from diabetes, and hypertension are among those at high-risk for severe illness from COIVD-19.[3] [4] The compassionate release statute grants sentencing courts authority to reduce an otherwise final term of imprisonment for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The statute provides:

(1) in any case--

---

[1] American Association of Clinical Endocrinologists, *AACE Position Statement: Coronavirus (COVID-19) and People with Diabetes (Updated March 18, 2020),* https://bit.ly/2Y0vZV0

[2] Shikha Garg et al, *Hospitalization Rates and Characteristics of Patients Hospitalized with Laboratory-Confirmed Coronavirus Disease 2019 — COVID-NET, 14 States, March 1–30, 020,* CDC (Apr. 8, 2020), https://bit.ly/2TYdVJR.

[3] *See* CDC, *Groups at Higher Risk for Severe Illness*, CDC https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

[4] WHO, *Report of the WHO-China Joint Mission on Coronavirus Disease 2019 (COVID-19)* at 12, https://www.who.int/docs/default-source/coronaviruse/who-china-joint-mission-on- covid-19-final-report.pdf

2

>  (A) **the court**, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, **may reduce the term of imprisonment** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), **after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that**--
>
>  (i) **extraordinary and compelling reasons warrant such a reduction**; . . .
>
>  *****
>
>  **and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission**.

18 U.S.C. § 3582(c)(1)(A).

Thus, the statutory requirements for sentence reduction are that the court (1) find extraordinary and compelling reasons for the reduction; (2) consider the relevant sentencing factors under 18 U.S.C. § 3553(a); and (3) ensure any reduction is consistent with applicable policy statements.

### A.  The Court has Authority to Grant Relief. Mr. Mitchell Presented a Request for Compassionate Release to the Warden; and the Warden has Denied his Request.

Mr. Mitchell asserts that he submitted a request for early release to the Warden of FCI Terre Haute. The request was apparently denied. 18 U.S.C. § 3582(c)(1)(A) permits courts to consider compassionate-release motions brought by incarcerated defendants if one of two requirements is met. First,

3

courts can consider such motions "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." *Id*. Second, courts can consider such motions after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id*. The earlier of these two dates controls. According to Mr. Mitchell the warden denied his request; thus the statute has been satisfied, and this Court may review the instant motion.

### B. Mr. Mitchell's Vulnerability to COVID-19 is an Extraordinary and Compelling Reason for an Immediate Sentence Reduction to Time Served

#### 1. Extraordinary and Compelling Reasons

The compassionate release statute does not expressly define or limit what constitutes an "extraordinary and compelling" reason for a sentence reduction. Black's Law Dictionary, however, defines "extraordinary" as "[b]eyond what is usual, customary, regular, or common," Black's Law Dictionary (10th ed. 2014). Its definition of "compelling need," is one "so great that irreparable harm or injustice would result if [the relief] is not [granted]." *Id*. The present global pandemic is a quintessential extraordinary circumstance beyond what most Americans have experienced in their lifetime. The grave risk to Mr. Mitchell based on his significant health issues from continued incarceration provides an extraordinary and compelling reason for his immediate release.

4

U.S.S.G. § 1B1.13, application Note 1, states, in part, extraordinary and compelling reasons exist when the defendant is suffering from a serious physical or medical condition. Mr. Mitchell is 43 years old, is suffering from type 2 Diabetes and Hypertension, both of which are serious medical conditions. These conditions place him at a higher risk to both contract COVID-19, and an increased likelihood that severe illness or death will occur if he contracts COVID-19 while incarcerated. Because of this, he meets the standard for extraordinary and compelling reasons for release pursuant to 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 cmt. n. 1.

Assuming arguendo, the Court does not find extraordinary and compelling reasons exist as defined in the Sentencing Guidelines, the Court has the authority to find extraordinary and compelling reasons other than as expressly identified in commentary to U.S.S.G. § 1B1.13. In 28 U.S.C. § 994(t), Congress delegated to the Sentencing Commission authority to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The policy statement issued in exercise of that authority, U.S.S.G. § 1B1.13, has not been amended since November 2018, before the First Step Act was passed, and it still requires a motion filed by the BOP. For that reason, "a growing number of district courts have concluded the Commission lacks" a policy statement applicable to the post-

First Step Act statute. *United States v. Mondaca*, No. 89-CR-0655 DMS, 2020 WL 1029024 (S.D. Cal. Mar. 3, 2020); *see also United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019) (citing cases). In *United States v. Cantu*, the Court explained:

> Given the changes to the statute, the policy-statement provision that was previously applicable to 18 U.S.C. § 3582(c)(1)(A) no longer fits with the statute and thus does not comply with the congressional mandate that the policy statement must provide guidance on the appropriate use of sentence-modification provisions under § 3582.

No. 1:05-CR-458-1, 2019 WL 2498923, at *4 (S.D. Tex. June 17, 2019).

Accordingly, this Court has authority to consider whether the worsening global pandemic, combined with the other relevant circumstances in this case, present an extraordinary and compelling basis for a sentence reduction, regardless of whether it falls within one of the existing categories in § 1B1.13 commentary.

The COVID-19 pandemic is an unprecedented rapidly-expanding global health emergency that presents a serious medical risk to vulnerable prisoners, allowing the Court to find "extraordinary and compelling reasons" exist for release.

FCI Terre Haute had 3 active coronavirus cases as of July 6, 2020. Only 149 have been tested out of more than 1200 inmates.

### C.     Consideration of relevant 3553 (a) factors.

(1)  Nature and circumstances of offense and history and characteristics of defendant. Larry Mitchell accepted responsibility for possessing crack cocaine with intent to distribute. He was found responsible for between 112 and 196 grams of crack. He grew up in the north side of Flint in "the projects". Both of his parents used drugs and his mother died of an overdose when he was 29. At age 13 he began living with his grandmother who he stayed with until age 19. Until this case, he had never been sentenced to prison. Mr. Mitchell has a projected release date of July 8, 2021 (see Exhibit A). His inmate disciplinary record shows he has only had 3 sanctioned incidents – all for relatively minor non-assaultive behavior (see Exhibit B). Mr. Mitchell has completed multiple educational and vocational programs offered by the Terre Haute FCI. (See Exhibit C). He has recently (May 27, 2020) been found to be low risk for recidivism (see Exhibit D). As stated earlier, he is being treated for Diabetes Mellitus (type 2) and Hypertension (see Exhibit E).

(2)     Resentencing Mr. Mitchell to time served and supervised release would still reflect the seriousness of the offense, promote respect for the law, and provide just punishment. It would be sufficient to deter Defendant and others from similar wrongdoing and protect the public. The length of incarceration served to date has already provided Mr. Mitchell with needed educational, vocational and medical care.

## **CONCLUSION**

Defendant has a current projected release date of July 8, 2021. (See Exhibit A). After taking into account the 3553 (a) factors and the medical conditions Mr. Mitchell suffers from which make him highly vulnerable to COVID-19 death, this Court should exercise its authority and resentence Mr. Mitchell to time served and supervised release.

Dated: 7/8/2020                               Respectfully submitted,

/s/ Douglas R. Mullkoff
Douglas R. Mullkoff
Attorney for Defendant
402 West Liberty
Ann Arbor, Michigan 48103
(734) 761-8585
doug@kmhlaw.com
(P33252)

## **CERTIFICATE OF SERVICE**

STATE OF MICHIGAN        )
                         ) ss:
COUNTY OF WASHTENAW )

I hereby certify that on the 8th day of July 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Christopher Rawsthorne at the U.S. Attorneys Office.

Dated: 7/8/2020

Respectfully submitted,

/S/ Douglas R. Mullkoff
Attorney for Defendant

                402 West Liberty
                Ann Arbor, Michigan 48103
                (734)761-8585
                doug@kmhlaw.com
                (P33252)