UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **LARRY MITCHELL**, Defendant. | 4:13-cr-20468 HON. TERRENCE G. BERG **ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS** |

This 28 U.S.C. § 2255 habeas action was remanded by the Sixth Circuit so that the Court could address claims it had not yet adjudicated on the merits. Larry Mitchell, the Petitioner, filed his first habeas petition in 2014. Each year thereafter, Petitioner has sought to amend that petition, adding new grounds for sentencing relief. A motion to amend a § 2255 motion is not considered second or successive if the district court has not yet ruled on the merits of the original motion. Because this Court had not yet considered the merits of Petitioner's motion—except for denying him relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Beckles v. United States*, 137 S. Ct. 886 (2017)—it granted Petitioner leave to once again amend his petition. Having received the government's response to Petitioner's most recent amended § 2255 motion, the Court will now resolve Petitioner's remaining claims. Finding that Petitioner has knowingly and voluntarily

1

waived his right to collaterally attack his conviction and, moreover, that relief would not be warranted under any of the additional grounds he presents, the Court will deny the petition for a writ of habeas corpus. The Court will issue a separate order addressing Petitioner's emergency motion for compassionate release, ECF No. 64, following a hearing on the matter.

## BACKGROUND

The relevant factual and procedural history of this case are detailed in this Court's prior orders. For ease of reference, the Court will nonetheless reiterate that information here.

Petitioner pled guilty in 2013 to possession with intent to distribute more than 28 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). ECF No. 23, PageID.50 (Plea Agreement). He was sentenced to 108 months in prison and did not appeal. ECF No. 25, PageID.68 (Judgment). On November 20, 2014, Petitioner filed his initial § 2255 motion asking the Court to vacate, set aside, or correct his sentence. ECF No. 26. As bases for relief he alleged ineffective assistance of counsel for failure to challenge an allegedly unlawful search and seizure and to object to sentencing enhancements, as well as the Court's purported lack of subject-matter jurisdiction. ECF No. 26, PageID.72. Petitioner later submitted an addendum to his initial § 2255 motion that included supporting information and reattached an affidavit from

Latesha Brown, Petitioner's partner, concerning the allegedly unlawful search. ECF No. 33.

Then, on March 7, 2016, Petitioner filed a motion to amend his original § 2255 motion in accordance with Rule 15(c) of the Federal Rules of Civil Procedure. ECF No. 39. Through that motion, Petitioner sought to strike his previously asserted claim for ineffective assistance of counsel alleging failure to challenge the court's subject matter jurisdiction. ECF No. 39, PageID.191. He further added a claim for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that increasing a defendant's sentence under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924, denied due process of law because the clause was unconstitutionally vague. Specifically, Petitioner argued that in the wake of *Johnson* his 2002 conviction for fleeing and eluding police no longer qualified as a violent felony warranting sentencing enhancement under ACCA. ECF No. 39 PageID.192–93. *See* ECF No. 40 (additional brief fleshing out Petitioner's *Johnson* claim).

On July 29, 2016, the Court approved a stipulation by the parties staying this case pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). That appeal would determine, among other questions, whether *Johnson's* invalidation of the residual clause necessarily voided an identically worded provision in the United States Sentencing Guidelines, § 4B1.2(a)(2). ECF No. 43, PageID.228. The Supreme Court found, however, that unlike ACCA "the advisory

3

Guidelines do not fix the permissible range of sentences" but rather "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Beckles*, 137 S. Ct. at 892. On that basis, the Court held that the residual clause in § 4B1.2(a)(2) was not subject to a vagueness challenge under the Due Process Clause. *Id.* This Court accordingly denied Petitioner sentencing relief under *Beckles*. *See* ECF No. 45, PageID.256 n.1.

But the Order denying Petitioner relief under *Johnson* and *Beckles* failed to address claims contained in previous iterations of Mitchell's amended § 2255 petition. The first version contained Petitioner's ineffective assistance of counsel claims. ECF No. 26 (filed Nov. 20, 2014). The second, captioned as an addendum to the first § 2255 motion, argued that (a) Petitioner was convicted in part because of an illegal warrantless search; and (b) counsel was also ineffective for failing to challenge use of evidence obtained in the search and for failing to advocate against application of a firearm enhancement. ECF No. 33 (filed Jul. 14, 2015) The third petition alleged *Johnson* claims duplicative of those set forth in the motion for default judgment which this Court previously had construed as a § 2255 motion. ECF No. 40 (filed Apr. 15, 2016).

More than a year later, on December 4, 2017, Petitioner filed another motion seeking to amend his § 2255 motion. ECF No. 46. In that brief, Petitioner raised new arguments under *Mathis v. United States*, 136 S. Ct. 2243 (2016), which held that a prior conviction does not qualify

4

as predicate violent offense under ACCA if an element of the crime of conviction is broader than the element of the generic offense. He argued that his 2002 conviction for fleeing and eluding police could not be considered a crime of violence after *Mathis*. A few months later, on March 26, 2018, Petitioner filed an additional § 2255 motion asserting new claims that the government improperly withheld evidence at trial in violation of *Brady v. Maryland*, 373 U.S. 873 (1963), that his guilty plea was not voluntarily entered, and that trial counsel was ineffective in: failing to inform Petitioner of the true nature of the charges against him; erroneously urging Petitioner to plead guilty; failing to argue that the prosecutor improperly influenced a grand jury to indict Petitioner; and choosing not to file motions to dismiss the indictment, to suppress incriminating evidence, or to pursue a direct appeal. ECF No. 47.

Because the Court had already adjudicated Petitioner's motion for default judgment as a § 2255 motion, this Court viewed his two subsequent § 2255 motions as "second or successive motions" under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which require permission from the Sixth Circuit to file. Consistent with that reasoning, this Court transferred Petitioner's 2017 and 2018 § 2255 motions to the Sixth Circuit. ECF No. 54 (transferring ECF Nos. 46, 47 to Sixth Circuit). But the Sixth Circuit, observing that Petitioner's other § 2255 claims (excepting his *Johnson* and *Beckles* claims) had not yet been ruled on by this Court, remanded the case for consideration of Petitioner's other

5

claims. ECF No. 55. Most recently, on June 3, 2019, Petitioner filed yet another motion to amend his § 2255 motion. ECF No. 56. That motion is substantially similar to the § 2255 motion he filed on March 26, 2018. *Compare* ECF No. 56 *with* ECF No. 47. Because the Court granted Petitioner leave to amend, it will now adjudicate his remaining § 2255 claims. ECF No. 56.

## LEGAL STANDARD

A prisoner serving a sentence imposed by a federal court may challenge that sentence under 28 U.S.C. § 2255 "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." As relief, the prisoner may move the court which imposed the sentence to correct, vacate, or set it aside. The law is clear that "§ 2255 claims that do not assert a constitutional or jurisdictional error are generally cognizable only if they involve 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotations omitted)). This standard is met only in exceptional circumstances; not every alleged error of law can be raised on a § 2255 motion. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Davis*, 417 U.S. at 346.

## DISCUSSION

Although it is unfortunate the government is only now raising the issue of waiver, it does appear from the record that Petitioner, in his plea agreement, knowingly and voluntarily waived his right to collaterally attack his conviction or sentence. The habeas petition will be denied on that basis. Given the substantial amount of time Petitioner has expended drafting various iterations of his § 2255 motion, the Court will nonetheless briefly address the merits of his claims. Because none of the grounds he proffers warrant reversing his conviction or modifying his sentence, Petitioner's habeas petition would have been denied on the merits even had it not been procedurally barred.

Because Petitioner alleges multitudinous and interrelated claims for habeas relief, the Court will do its best to squarely address those claims by grouping them into broader categories. Although the Court had closely read and considered each of Petitioner's § 2255 petitions, it will not separately address every single sub-claim he asserts. Rather, it will consider his overarching claims, such as for ineffective assistance of counsel, or unwarranted sentencing enhancements, and assess whether the various habeas petitions, liberally construed, have stated grounds for relief.

### A. Petitioner has waived his right to collaterally attack his conviction

The Sixth Circuit held in *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999) that "a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief." A few years later, the Sixth Circuit expanded that holding to apply to claims for ineffective assistance of counsel, finding in *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) that "[w]hen a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring[ing] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." The circuit court later elaborated that even where developments in the law "expand a right that a defendant has waived in a plea agreement," that change does not render a defendant's plea and waiver of the right to collaterally attack his sentence involuntary or unknowing, "or otherwise undo its binding nature." *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005).

Courts in this district have enforced collateral-attack waivers in similar cases. *See, e.g., United States v. Wall*, 230 F. Supp. 3d 771, 778 (E.D. Mich. 2017) (Goldsmith, J.); *United States v. Muller*, No. 16-10714, 2016 WL 6892268, at *3 (E.D. Mich. Nov. 22, 2016) (Cox, J.); *Weinhart v. United States*, No. 11-CV-10844, 2011 WL 7052793, at *6–7 (E.D. Mich.

June 16, 2011) (R. & R.), *adopted by* 2012 WL 137590 (E.D. Mich. Jan. 18, 2012) (Ludington, J.).

The plea agreement Petitioner signed in this case states the following:

> Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his conviction or sentence in any post-conviction proceeding, including—but not limited to—any proceeding under 28 U.S.C. § 2255.

ECF No. 23, PageID.55. Because the agreement expressly waives Petitioner's right to challenge his conviction or sentence, including through a § 2255 petition, the only basis on which it could be considered unenforceable would be if Petitioner did not knowingly and voluntarily consent to the plea agreement. *See United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012). But there is no evidence in the record that would tend to suggest Petitioner's waiver was anything but knowing and voluntary. Petitioner acknowledges that trial counsel "counseled me into a plea and plea agreement assuring me this was in my best interest." ECF No. 26, PageID.100. And the docket indicates this Court accepted Petitioner's plea after conducting a plea colloquy. Nov. 14, 2013 Dkt. Entry.

The Court finds no indication that Petitioner's plea was anything but knowing and voluntary, or that trial counsel's performance in

9

negotiating and communicating the plea deal was somehow deficient. Because the Court considers the plea to have been knowing and voluntary, there is no basis for it to deem unenforceable Petitioner's waiver of his right to appeal or to collaterally attack his conviction or sentence. His habeas claims are therefore procedurally barred and must be denied.

### B. Petitioner has not established ineffective assistance of counsel because he has not shown deficient performance.

Petitioner claims that trial counsel was ineffective in failing to challenge an allegedly unlawful search and seizure with a motion to suppress, and in negotiating his plea deal and sentence, including in failing to object to application of sentencing enhancements, and deciding not to appeal his conviction, among other alleged deficiencies. The Court, however, finds no indication that trial counsel failed to provide reasonable, professional assistance. The ineffective assistance of counsel claims thus lack merit.

Claims for ineffective assistance of counsel are reviewed under the two-part test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that framework, a defendant must show both that counsel's performance was deficient, and that counsel's deficient performance prejudiced the defense. *Id.* at 687. To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

10

different." *Seaman v. Washington*, 506 F. App'x 349, 354 (6th Cir. 2012) (citing *Strickland*, 466 U.S. at 694). "Judicial scrutiny of counsel's performance must be highly deferential" and "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 669.

The allegedly unlawful March 15, 2012 search and seizure Petitioner challenges took place at the home he resided at with his partner, Latesha Brown. ECF No. 26, PageID.74. According to Petitioner, that search yielded 132 grams of cocaine, a gun, and $6,000 in cash. *Id.* Petitioner has not shown that trial counsel's decision not to file a motion to suppress the fruits of the March 15 search and seizure, as well as related statements he made to law enforcement that day, was deficient.

A signed consent form produced by the government indicates that Brown expressly gave law enforcement permission to search her and Petitioner's residence on March 15. ECF No. 60-1, PageID.575. Although Petitioner argues that law enforcement officers "forced [Brown] to involuntarily consent to a search and seizure of her house," the consent form she signed states, "This written permission to search without a search warrant is given by me to the above officer(s) voluntarily and without any threats or promises of any kind." ECF No. 60-1, PageID.575. In support of his argument that Brown did not voluntarily consent to the search, Petitioner attached what he identifies as her affidavit. ECF No. 26, PageID.101. That affidavit declares that law enforcement

11

"threaten[ed] me into signing some piece of paper to enter the house, although I did not agree with the search." ECF No. 26, PageID.101. The government disputes the authenticity of Brown's 2014 affidavit, but the Court takes it at face value; it appears to be notarized and contains a signature that plausibly belongs to Brown. *See id.*

Whether or not Brown voluntarily consented to the search of her and Petitioner's residence, nowhere in his motion does Petitioner allege that trial counsel was *aware* at the time of plea negotiation that Brown felt the search was in some manner coerced or involuntary (despite her signature of the consent form). The petition states only that "[c]ounsel was told by Mitchell of the events of 3/15/2012, including the searches." ECF No. 26, PageID.77 n.4. Nor does Petitioner assert that trial counsel failed to investigate the possibility of filing a motion to suppress. Given the existence of the signed consent form, and the government's assertion that Brown "provided a statement and later testimony supporting Mitchell's guilt," it was reasonable for trial counsel to refrain from filing a motion to suppress challenging the search. ECF No. 60, PageID.566. Because the Court finds no basis to deem trial counsel's decision not to file a motion to suppress unreasonable or deficient, the Court will not reach the question of whether counsel's allegedly deficient performance may have prejudiced Petitioner.

The Court is likewise unpersuaded that counsel was otherwise ineffective in negotiating Petitioner's plea deal, failing to object to

sentencing enhancements, choosing not to pursue an appeal, or in any other manner described in the habeas petition. Petitioner pled guilty to only one count of the two-count indictment, accepting responsibility for "possession with intent to distribute more than 28 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii)." ECF No. 23, PageID.50. The parties disagreed on the question of whether Petitioner had possessed a firearm in connection with the offense. *See* ECF No. 60, PageID.557. Accordingly, the government calculated Petitioner's Guidelines range as 87 to 108 months while defense counsel advocated for a lower applicable Guideline range of 70 to 87 months. ECF No. 23, PageID.51. Per the plea agreement, the government agreed to recommend that Petitioner receive three level reductions based on his acceptance of responsibility. *Id.* at PageID.52.

The Presentence Investigation Report, however, determined that Petitioner was a career offender, raising his Guidelines range to 188 to 235 months. PSR, p. 18. This Court ultimately imposed a sentence of 108 months, well below the potential Guidelines range of 188 to 235 months, in part because it found that Petitioner's criminal history was "distinguishable . . . from those violent crimes that are intentional violent crimes such as assaultive behavior or trying to murder someone."[1]

---

[1] The Court applied a downward departure from the criminal-history calculation provided for by U.S.S.G. § 4A1.3(3), which is applicable to certain defendants categorized as career offenders, thereby effectively lowering the applicable Guidelines to the 87 to 108 range presented by the government. ECF No. 41, PageID.223.

ECF No. 41, PageID.222 (Sentencing Tr.). The Court further supported its decision for a downward departure by explaining that the applicable Guidelines range "overrepresent[s] the seriousness of the criminal history here and also the likelihood of the defendant to commit serious criminal offenses." ECF No. 41, PageID.222.

Defense counsel fulfilled his obligation of advocating on Petitioner's behalf in plea negotiation and sentencing, arguing for a lower applicable Guidelines range. It was not because of any failure on the part of trial counsel that this Court accepted the Probation Department's determination that Petitioner qualified as a career offender. In fact, as described below, there would have been no reasonable basis for counsel to object to Petitioner's classification as a career offender because the Sixth Circuit has specifically held that two of his prior convictions qualify as a crime of violence or controlled substance offense under the Guidelines' career-offender enhancement. Concerning the decision not to appeal, such an action could not have been unreasonable in Petitioner's case because defense counsel was no doubt aware that Petitioner had waived that right in his plea agreement. *See* ECF No. 23. Having considered all the ineffective assistance of counsel claims described in Petitioner's various § 2255 briefs, the Court has not identified any performance by trial counsel that was unreasonable or in any manner deficient. Because Petitioner has not established the first prong of his

claims for ineffective assistance of counsel under *Strickland*, he would not be entitled to habeas relief on that basis.

### C. Petitioner is not entitled to relief under *Mathis* and was properly categorized as a career offender under the Guidelines.

The Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) likewise does not provide any basis for granting Petitioner postconviction relief. The sentencing enhancement he received stemmed from the fact that Petitioner was classified as a career offender under § 4B1.1 of the Sentencing Guidelines, rather than as a violent felon under ACCA. *See* ECF No. 60, PageID.563–64. Because *Mathis* involved ACCA (not the Sentencing Guidelines) and, moreover, has not been retroactively applied by the Sixth Circuit, that opinion does not provide grounds for habeas relief in this case. Further, Sixth Circuit precedent makes clear that Petitioner qualifies as a career offender under the Guidelines, and therefore was not improperly considered a career offender for sentencing purposes.

In *Mathis*, the Supreme Court held that a prior conviction will not qualify as a predicate offense under ACCA if the elements of the prior offense are broader than those of the generic form of the crimes listed in the ACCA's enumerated-offense clause." *Dean v. United States*, No. 18-5964, 2019 WL 4391456, at *2 (6th Cir. Jan. 18, 2019). Petitioner urges that his 2002 Michigan conviction for fleeing and eluding police should

15

not have been categorized as a crime of violence warranting sentencing enhancement under ACCA because the elements of his state-court conviction for fleeing and eluding in the third degree, in violation of Mich. Comp. Laws § 750.479a, are broader than those of the relevant generic offense. *See* ECF No. 46, PageID.261–62. Whether his argument is sound or not, it does not apply to Petitioner's case because Petitioner was not sentenced under ACCA, but rather as a career offender under U.S.S.G. § 4B1.1, a Guidelines provision. Moreover, even if *Mathis* somehow applied to Petitioner's sentence, the Sixth Circuit has not granted that case retroactive application, meaning that Petitioner cannot use *Mathis* to collaterally attack his sentence. *In re Conzelmann*, 872 F.3d 375, 376–77 (6th Cir. 2017).

Additionally, to the extent Petitioner is arguing that he should not have been considered a career offender for sentencing purposes under the Guidelines, that argument is foreclosed by binding Sixth Circuit precedent. The Guidelines classify a defendant as a career offender if he was: (1) at least 18 years old at the time of the instant offense; (2) was convicted of "a felony that is either a crime of violence or a controlled substance offense"; and (3) the defendant had "at least two prior felony convictions for either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. At the time Petitioner was sentenced, a "crime of violence" was defined in the Guidelines as any state or federal felony that:

16

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk physical injury to another."

U.S.S.G. § 4B1.1 (2014).

The Presentence Investigation Report identified Petitioner's most recent conviction as a controlled substance felony offense and further determined that Petitioner also had "at least two prior felony convictions of either a crime of violence or a controlled substance offense," rendering him a career offender under U.S.S.G. § 4B1.1. PSR, p. 6. The two relevant prior felony convictions were for fleeing and eluding the police in the third degree, Mich. Comp. Laws § 750.479a, and delivery of marijuana, Mich. Comp. Laws § 333.7401. PSR, p. 18.

Sixth Circuit jurisprudence holds that fleeing and eluding in the third degree under Michigan law is a crime of violence under both the Sentencing Guidelines and ACCA. *United States v. Stephens*, 393 F. App'x 340, 344 (6th Cir. 2010) (discussing *United States v. Martin*, 378 F.3d 578, 580 (6th Cir. 2004)); *United States v. LaCasse*, 567 F.3d 763, 764 (6th Cir. 2009); *United States v. Young*, 580 F.3d 373, 379 (6th Cir. 2009). Likewise, delivery of marijuana in violation of Mich. Comp. Laws § 333.7401 has been identified by the Sixth Circuit as "fall[ing] squarely within the Guidelines definition of a controlled substance offense."

17

*United States v. Williams*, 762 F. App'x 278, 282 (6th Cir. 2019). Because Petitioner had at least two prior felony convictions, including one for a crime of violence and another for a controlled substance offense, the Court correctly treated him as a career offender for sentencing purposes, as recommended by the Probation Department, and he is not entitled to any habeas relief on this ground.

### D. Petitioner has not established a *Brady* violation.

A successful claim for the government's violation of *Brady v. Maryland*, 373 U.S. 83 (1963) requires showing: "(1) that the evidence in question be favorable; (2) that the state suppressed the relevant evidence, either purposefully or inadvertently; (3) and that the state's actions resulted in prejudice." *Bell v. Bell*, 512 F.3d 223, 231 (6th Cir. 2008). In this case, the petition states only that "the Prosecutor suppressed exculpatory and impeaching evidence causing prejudice." ECF No. 47, PageID.312. The nature and contents of the allegedly suppressed exculpatory and impeaching evidence are largely not described by Petitioner, making it impossible for the Court to assess what impact such evidence might have had. One of his later motions describes a specific consent form that he says was not turned over by the government, but it is not clear how a consent form would have been favorable to Petitioner. *See* ECF No. 56, PageID.432–33. The main problem for Petitioner on this claim is that the Court does not have any evidence before it indicating that the government suppressed evidence, or that withholding of any

evidence caused Petitioner to suffer prejudice. Petitioner would not have been entitled to habeas relief on the basis of his *Brady* claim.

## CONCLUSION

For these reasons, Petitioner's 28 U.S.C. § 2255 habeas petition is hereby **DISMISSED WITH PREJUDICE.** The petition is procedurally barred by the waiver contained in his plea agreement and also lacks substantive merit even if it had not been waived.

**SO ORDERED.**

Dated: July 14, 2020        s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE